(No. 84-CC-0517—)

*In re* APPLICATION OF MERCEDES C. O'BRIEN.

*Opinion filed November 9, 1983.*

MERCEDES C. O'BRIEN, *pro se*, for Claimant.

NEIL F. HARTIGAN, Attorney General (ROBERT J. SKLAMBERG, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This claim is before this Court by reason of the death of William Patrick O'Brien, a captain in the State of Illinois Department of Law Enforcement. The decedent's widow seeks compensation pursuant to the provisions of the Law Enforcement Officers and Firemen Compensation Act, (Ill. Rev. Stat. 1981, ch. 48, par. 281 *et seq.*), hereinafter referred to as the Act.

The Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Attorney General, a written statement of the decedent's supervising officer, and a report by the Illinois Attorney General's office.

The record shows that on November 13, 1982, the decedent suffered a fatal heart attack while en route to represent the State of Illinois Department of Law En-

forcement at the International Association of Chiefs of Police Conference in Atlanta, Georgia. The attack occurred while the decedent was preparing to leave Murfreesboro, Tennessee, for Atlanta after a night's lodging. The certificate of death issued by the Department of Public Health of Rutherford County, Tennessee, states that the cause of death was cardiac arrest due to coronary artery disease.

Section 2(e) of the Act (Ill. Rev. Stat. 1981, ch. 48, par. 282(e)) provides, in relevant part, that " 'killed in the line of duty' means losing one's life as a result of injury received in the active performance of duties as a law enforcement officer . . . if the death occurs within one year from the date the injury was received and if that injury arose from violence or other accidental cause".

There is nothing in the record indicating that the decedent's death arose from violence or other accidental cause. No injury, or other unusual force, has been shown which might have caused the heart attack.

We find therefore: (a) that Captain O'Brien was not killed in the line of duty as defined by section 2(e) of the Act; and (b) that the proof submitted in support of this claim does not satisfy the requirements of the Act, and the claim is therefore not compensable thereunder.

It is hereby ordered that the claim of Mercedes C. O'Brien, as widow of William Patrick O'Brien, be, and hereby is, denied.